UNITED STATES of America, Appellee,

v.

Thomas CARBONARO, Defendant–Appellant.

No. 05–4505–CR.

United States Court of Appeals, Second Circuit.

June 6, 2006.

Thomas Nooter, New York, NY, for Defendant–Appellant.

Joey Lipton, Assistant United States Attorney, Brooklyn, NY, for Appellee.

Present ROGER J. MINER, and ROSEMARY S. POOLER, Circuit Judges, and JED S. RAKOFF, District Judge.*

* The Honorable Jed S. Rakoff, Judge of the United States District Court for the Southern

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant-appellant Thomas "Huck" Carbonaro ("Carbonaro" or "appellant") was convicted by a jury on October 23, 2003, in the United States District Court for the Eastern District of New York (Ross, J.). After trial, Carbonaro's trial attorneys were relieved and new counsel was appointed, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"). On June 10, 2005, Carbonaro filed a motion for a new trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. In a June 13, 2005, opinion and order, the district court denied Carbonaro's new trial motion. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review for abuse of discretion a district court's denial of a motion for a new trial made pursuant to Fed.R.Crim.P. 33. *United States v. Mayo,* 14 F.3d 128, 132 (2d Cir.1994); *United States v. Underwood,* 932 F.2d 1049, 1052 (2d Cir.1991). Whether a defendant's representation " 'violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed de novo.' " *Triana v. United States,* 205 F.3d 36, 40 (2d Cir.2000) (quoting *United States v. Blau,* 159 F.3d 68, 74 (2d Cir. 1998)). The right to counsel under the Sixth Amendment includes "a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia,* 450 U.S. 261, 271, 101 S.Ct. 1097, 67

District of New York, sitting by designation.

L.Ed.2d 220 (1981). Attorney conflicts of interest fall in one of three categories: (1) per se conflicts, (2) actual conflicts, and (3) potential conflicts, which are not alleged here. *United States v. Williams,* 372 F.3d 96, 102 (2d Cir.2004).

■ A per se conflict requires automatic reversal without any showing of prejudice; a court does "not need to find particular areas where [the attorney's] representation suffered." *Id.* at 103. The per se rule traditionally applied *only* when a defendant's lawyer was unlicensed or had engaged in the defendant's crimes. See *United States v. Levy,* 25 F.3d 146, 157 n. 8 (2d Cir.1994). In *United States v. Aiello,* 900 F.2d 528, 531 (2d Cir.1990), and *Waterhouse v. Rodriguez,* 848 F.2d 375, 383 (2d Cir.1988), we refused to extend the per se rule beyond these two instances. In *United States v. Cancilla,* 725 F.2d 867, 869–71 (2d Cir.1984), we held that a per se conflict of interest existed where defense counsel had, unknown to defendant, engaged with a co-conspirator and in the same types of insurance fraud schemes for which the defendant had been convicted, and in *United States v. Fulton,* 5 F.3d 605, 611–12 (2d Cir.1993), we reaffirmed the application of the per se rule to cases where a defendant's counsel is implicated in crimes similar and related to defendant's. Here, Carbonaro's attorneys were not unlicensed and they did not engage in his crimes. His attorneys cannot be said to have been guided by a desire for self-preservation at Carbonaro's expense, because their charged conduct related to how they handled the finances of their practice—including the Carbonaro case—but had nothing to do with any of the underlying crimes with which Carbonaro was charged. Although the crimes need not be identical, here they were not even similar.

■ We assume that Carbonaro has established an actual conflict. Once an actu-al conflict has been established, "a defendant 'need not prove prejudice, but simply that a lapse in representation resulted from the conflict.'" *Williams,* 372 F.3d at 106 (quoting *United States v. Malpiedi,* 62 F.3d 465, 469 (2d Cir.1995)). In order to establish a lapse in representation, Carbonaro must establish that an "an actual conflict of interest adversely affected his lawyer's performance," *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), which will usually consist of demonstrating that "some plausible alternative defense strategy or tactic might have been pursued," and that the "alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Winkler v. Keane,* 7 F.3d 304, 309 (2d Cir.1993) (internal quotation marks omitted). Here, Carbonaro has failed to identify any material lapse that meets this standard.

■ Finally, Carbonaro argues that the district court should have held a hearing to fully explore the conflict. We review a district court's denial of a request for an evidentiary hearing for abuse of discretion. See *United States v. Levy,* 377 F.3d 259, 264 (2d Cir.2004) (citing *United States v. Sasso,* 59 F.3d 341, 350 (2d Cir.1995)). This Court has explained, "[n]ot every application that is supported by a set of facially meritorious allegations will survive a motion to deny the [application]. To warrant plenary presentation of evidence, the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence." *United States v. Aiello,* 814 F.2d 109, 113 (2d Cir.1987). "Whether there is a genuine issue of material fact depends upon the sufficiency of those factual allegations. Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible

evidence at a hearing." *Id.* at 113–14. Here, an evidentiary hearing on the extent and nature of the conflict of interest would have been futile since the district court accepted that a conflict did exist. Having more information about the nature of the conflict would not have bolstered appellant's argument that an alternative course of conduct existed. The district court's refusal to hold this hearing was not an abuse of discretion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.